**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| |
|---|
| **RUSSELL CARBONE and**<br>**JOSEPH G. CARBONE,**<br><br>        **Plaintiffs,**<br><br>   **v.**<br><br>**JOHN S. CARBONE, ESQ.,**<br><br>        **Defendant.** |

<u>Civil Action No. 2:20-cv-307 (ES)(CLW)</u>

<u>OPINION</u>

### I.    <u>Introduction</u>

This matter comes before the Court on the motion of plaintiffs Russell Carbone and Joseph G. Carbone ("Plaintiffs") seeking to amend the case caption and to amend the first amended complaint [D.E. 44]. Defendant John S. Carbone, Esq. ("Defendant") has filed opposition and Plaintiffs have filed a reply. D.E. 46, 47. The Honorable Esther Salas has referred the motion to the undersigned. Upon careful consideration of the parties' submissions, the Court DENIES Plaintiffs' motion.

### II.    <u>Background</u>

Plaintiffs and Defendant are brothers, and sons of Eleanor Carbone ("Eleanor"). <u>See</u> D.E. 7 at ¶¶ 2-5, 14.[1] Plaintiffs' action concerns a parcel of real property containing the family home (the "Premises") the deed to which, Plaintiffs allege, "according to the instructions of Eleanor . . . was to be held in trust of all three sons." <u>Id.</u> at ¶ 15. Plaintiffs claim that in or around March 2010, Defendant orchestrated a scheme resulting in Defendant obtaining sole ownership of the Premises. <u>Id.</u> at ¶ 14-15; 23-28. They further allege that in or around February 2019, Defendant obtained

---

[1] The relevant facts and allegations are culled from Plaintiffs' first amended complaint which, except where otherwise noted, is substantively identical to the proposed second amended complaint.

$295,000 from an unauthorized transfer of the deed to the Premises to 32 Ryeside Ave LLC ("Ryeside"). Id. at ¶¶ 19, 35-36. Although not entirely clear,[2] Plaintiffs' requested relief appears to include nullification of one or both of the deed transfers and recovery of the sum obtained by Defendant by way of his transfer to Ryeside. Id. at ¶¶ 13, 17, 19. Plaintiffs' stated causes of action are: (i) breach of trust and fiduciary duty; (ii) undue influence; (iii) accounting; (iv) breach of implied covenant of good faith and fair dealing; (v) waste; (vi) fraud; (vii) conversion; (viii) unjust enrichment; and (ix) constructive trust. Id. at ¶¶ 41-51.

Plaintiffs first brought this action against Defendant and Ryeside in the U.S. District Court for the Eastern District of New York in May 2019. D.E. 1. Plaintiffs amended their complaint in July 2019 and dismissed with prejudice their claims against Ryeside in November 2019. D.E. 7, 19. The action was transferred to this Court in January 2020. D.E. 23.

### III.   Motion to Amend the Caption

Plaintiffs move to amend the case caption to reflect (i) the transfer of this matter to this Court from the Eastern District of New York; and (ii) the dismissal of defendant Ryeside. Finding that the docket already reflects these developments [D.E. 19, 23], the Court denies as moot Plaintiffs' motion to amend the caption.

### IV.   Motion to Amend the First Amended Complaint

#### a.   Legal Standards

Plaintiffs' motion to amend the first amended complaint is governed by FED. R. CIV. P. 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The motion also implicates FED. R. CIV. P. 38, which, as relevant, states as follows:

---

[2] See footnote 6, infra.

> The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate. . . .
>
> On any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in a pleading . . . .
>
> A proper demand may be withdrawn only if the parties consent.

Also pertinent is FED. R. CIV. P. 39(a), which provides that

> [w]hen a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
>
> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

It is settled that "if a timely and proper demand for jury is made all other parties in the action who are affected by the demand may rely thereon and need not make a jury demand for issues embraced therein." Collins v. Gov't of V.I., 366 F.2d 279, 284 (3d Cir. 1966) (quoting 5 MOORE, FEDERAL PRACTICE para. 38.45, at 343-44 (2d ed. 1964)).

**b. Analysis**

Plaintiffs' first amended complaint contains a demand for a jury trial, and Defendant has not consented to its withdrawal. See D.E. 7 at 12; D.E. 46. The crux of Plaintiffs' motion is a request to retract this demand; as Plaintiffs explain, they are "desirous of an expedited [n]on-jury trial to end this [matter]." D.E. 47 at ¶ 19. Plaintiffs' motion thus is premised on the notion that their claims and requested relief are equitable (as opposed to legal) in nature, and therefore that "there is no federal right to a jury trial" on Plaintiffs' claims, which would permit the Court to discard the jury demand. See FED. R. CIV. P. 39(a)(2); D.E. 44 at 2 ¶ (d). The Court disagrees.

The Third Circuit, citing the Supreme Court's seminal decision in <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33, has framed the relevant inquiry as follows:

> The Seventh Amendment provides, "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Supreme Court interprets "suits at common law" to mean cases involving legal rights; no jury right attaches to equitable claims. In determining whether a claim is equitable or legal, first, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

<u>Billing v. Ravin, Greenberg & Zackin, P.A.</u>, 22 F.3d 1242, 1245 (3d Cir. 1994) (citations omitted). As applied, the <u>Granfinanciera</u> test confirms that the right to a jury trial attaches to this action, and therefore, that Plaintiffs' motion must be denied.

### i. **The Nature of Plaintiffs' Action**

As to the first <u>Granfinanciera</u> factor, Plaintiffs' action—at least in significant part—is of the sort historically considered legal in nature. First, "[the Supreme] Court has long assumed that actions to recover land . . . are actions at law triable to a jury." <u>Pernell v. Southall Realty</u>, 416 U.S. 363, 370 (1974) (citing cases and quoting <u>Whitehead v. Shattuck</u>, 138 U.S. 146, 151 (1891) ("[W]here an action is simply for the recovery and possession of specific real or personal property . . . , the action is one at law.")); <u>see, e.g.</u>, <u>Northbridge Park Co-op Org. Comm. v. Cent. Towers</u>, 1983 U.S. Dist. LEXIS 10550, at *10-13 (D.N.J. Dec. 21, 1983) (denying motion to strike jury demand where, as here, plaintiff sought recovery of possession of real property and monetary

damages). Plaintiffs' action undoubtedly seeks recovery of real property. See D.E. 7 at ¶¶ 13, 17

(seeking to set aside deed conveying ownership to Defendant).[3]

Moreover, at least two (and likely three) of Plaintiffs' substantive causes of action

(conversion and breach of the covenant of good faith and fair dealing) are traditionally legal actions

to which the right to a jury trial attaches. See Ross v. Bernhard, 396 U.S. 531, 533 (1970) ("[S]ome

proceedings were unmistakably actions at law triable to a jury. The Seventh Amendment, for

example, entitled the parties to a jury trial in actions for . . . conversion of personal property.")

(citing authorities); Branch Banking & Tr. Co. v. Regena Homes, LLC, 2015 U.S. Dist. LEXIS

20206, at *8-12 (D. Nev. Feb. 18, 2015) (analyzing common law claims analogous to claim for

breach of the covenant of good faith and fair dealing and concluding breach of covenant claims

were legal in nature); Joseph Oat Holdings, Inc. v. RCM Digesters, Inc., 2007 U.S. Dist. LEXIS

62879, at *23 (D.N.J. Aug. 24, 2007) (claims for breach of covenant of good faith and fair dealing

held legal in nature and therefore to be submitted to jury).[4]

---

[3] Some courts have held that actions to set aside fraudulent conveyances of real property do not trigger the right to a jury trial. See, e.g., United States v. Loftis, 2007 U.S. Dist. LEXIS 63032, at *2-3 (N.D. Tex. Aug. 27, 2007). However, such matters are distinguishable in that they involve only claims to real property, and not monetary recovery. See id.

[4] As to the fraud claim, "depending on the remedy sought, an action for fraud may be either legal or equitable." Kennedy v. Am. Airlines Inc., 760 F. App'x 136, 139 (3d Cir. 2019) (citing Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1182 (3d Cir. 1993)). As noted and as further discussed below, because Plaintiffs seek both monetary and equitable remedies, this claim may be construed as legal in nature. See In re Roberts, 126 B.R. 678, 682 (Bankr. W.D. Pa. 1991) ("To the extent that it seeks monetary relief, [the claim for fraud] is an action at law. The fact that the trustee also seeks a declaration that Amtrust's mortgage is null and void, which is an equitable remedy, does not alter this conclusion. A monetary award in Count I would provide the trustee, should he ultimately prevail, with a complete remedy as to all defendants . . . . Consequently, equity would not entertain an action such as is set forth in [the fraud claim]. Moreover, the joinder of legal and equitable claims would not affect the right of trial by jury as to the legal claim and as to all issues common to both types of claim.") (citations omitted); cf. Plechner v. Widener Coll., Inc., 569 F.2d 1250, 1258 (3d Cir. 1977) ("Although fraud is not distinctively a legal or an equitable issue, if a claimant can be made whole only by specific relief available in equity, there is no right to a jury . . . .") (emphasis added) (citing 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2311).

Thus, at least a portion of Plaintiffs' claims are of the sort traditionally construed as actions in law. As a result, the right to a jury trial attaches here. As stated in Granfinanciera, "we contrast[] suits at law with 'those where equitable rights alone were recognized' in holding that the Seventh Amendment right to a jury trial applies to all but the latter actions." 492 U.S. at 43-44 (quoting Parsons v. Bedford, 3 Pet. 433, 447 (1830)); see also Curtis v. Loether, 415 U.S. 189, 196 n.11 (1974) ("[I]f [a] legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims,[5] remains intact. . . ."); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473 n.8 ("It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control.") (citing Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486, 491 (5th Cir. 1961)); e.g., Wehr v. Burroughs Corp., 438 F. Supp. 1052, 1058 (E.D. Pa. 1977) ("Since all the elements of [the three-part] test are fulfilled, plaintiff retains his right to a jury trial . . . notwithstanding his additional requests for equitable relief. Therefore, defendant's motion to strike plaintiff's request for a jury trial will be denied.").

This conclusion is bolstered by considerations favoring the protection of the constitutional right to a jury trial. As explained by the Fifth Circuit in Thermo-Stitch,

> where the presence of legal and equitable causes in the same case requires the selection between a jury and a non-jury determination of certain common issues, the discretion of the trial court is very narrowly limited and must, wherever possible, be exercised to preserve jury trial. . . . The mere presence of an equitable cause furnishes no justification for depriving a party to a legal action of his right to a jury trial.

---

[5] There is no distinction here between the issues relevant to the legal and equitable claims.

294 F.2d at 490-91 (citations and quotation marks omitted). The Court thus finds the first Granfinanciera factor dictates this matter be tried by a jury.

### ii. Remedies Sought by Plaintiffs

The Court next turns to the relief Plaintiffs seek, which includes both equitable and legal remedies; namely, imposition of a constructive trust as well as "money damages in the amount of . . . $795,000" and costs and fees.[6] As a general matter, "[m]oney damages are, of course, the classic form of legal relief." Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993) (emphasis removed) (citing cases). A constructive trust, by contrast, is an equitable remedy. See, e.g., Capital Inv. Funding, LLC v. Lancaster Res., Inc., 2014 U.S. Dist. LEXIS 157711, at *5 (D.N.J. Nov. 6, 2014) (citing cases).

As described above, for this matter to fall outside the Seventh Amendment's scope, it would need to encompass only equitable claims, which is plainly not the case. Thus, the second Granfinanciera factor militates in favor of the right to a jury trial attaching to this action.

---

[6] The Court notes some inconsistency and lack of clarity as to Plaintiffs' requested relief. First, the first amended complaint seeks a constructive trust on the Premises "such that ownership interest be reflected in [Plaintiffs and Defendant]"; the proposed second amended complaint seeks a constructive trust "on any and all monies taken by defendant from the sale of [the Premises], such that ownership interest be deemed and reflected in [Plaintiffs as well as Defendant]". Compare D.E. 7 at 11 with D.E. 44 at 32. Similarly, the allegations in both complaints request that the first deed transfer be nullified and refer to the second transfer as "unauthorized". D.E. 11 at ¶¶ 13, 17, 19, 35; D.E. 44, Exhibit B at ¶¶ 12, 16, 18, 34. To this end, the first amended complaint specifically requests that both transfers be nullified. D.E. 7 at 11, Wherefore clause. However—although Plaintiffs' motion does not seek to remove the request to nullify the deed transfers—this remedy is absent from the proposed second amended complaint's ad damnum clause. D.E. 44 at 32, Wherefore clause.

Thus, Plaintiffs' proposed second amended complaint improperly includes revisions which are not requested in the motion to amend. (Counterintuitively, these proposed revisions cut against Plaintiffs' position on this motion, since they seek to remove equitable remedies contained in the first amended complaint, and on one occasion, to request a monetary remedy instead.) Irrespective, in view of the principle that "judgment[s] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings", Fed. R. Civ. P. 54(c), the Court considers the equitable requests contained in the first amended complaint as part of the relief sought by Plaintiffs. As stated immediately below, however, this does not disturb the Court's conclusion that Plaintiffs' request for monetary damages is paramount to the determination on this motion.

### iii.  **Public Versus Private Right of Action**

As to the final factor, <u>Granfinanciera</u> makes clear that "unless a legal cause of action involves 'public rights,' Congress may not deprive parties litigating over that right of the Seventh Amendment's guarantee to a jury trial." 492 U.S. at 53. No public rights attach to Plaintiffs' claims, which are of the sort routinely submitted to juries. <u>See</u>, <u>e.g.</u>, <u>Stern v. Marshall</u>, 564 U.S. 462, 488-93 (discussing limited scope of "public right" exception and contrasting "matter[s] that can be pursued only by grace of the other branches, . . . or . . . that historically could have been determined exclusively by those branches" from those "under state common law between two private parties [which do] not depend[] upon the will of congress").

### V.  **Conclusion**

In summary, all three <u>Granfinanciera</u> factors weigh strongly in favor of the right to a jury trial attaching to this action. <u>Cf.</u> <u>e.g.</u>, <u>In re Prosser</u>, 2008 U.S. Dist. LEXIS 98786, at *7-15 (D.V.I. Dec. 5, 2008) (in matter concerning alleged fraudulent transfer of money, real property, and real property benefits and seeking recovery of "both money and property, or the value thereof in money", court held that "[t]he nature of the . . . actions is clearly one at law" and that "the mere fact that the Trustees seek an equitable accounting does not require [defendant] to abandon her right to a jury trial", and accordingly concluded defendant was entitled to jury trial).

The Court therefore will deny Plaintiffs' motion to strike the first amended complaint's jury demand.[7] An appropriate order follows.

Dated: March 3, 2021

/s/ Cathy L. Waldor
Cathy L. Waldor, U.S.M.J.

---

[7] The Court also denies Plaintiffs' request to remove the first amended complaint's reference to this matter as a legal action and to refer to it solely as an equitable one. As described above, this is plainly not an exclusively equitable action. This proposed amendment thus contradicts the first amended complaint. Although, as noted, leave to amend is freely granted under Rule 15(a)(2), it may be denied for reasons such as bad faith, prejudice, or futility. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiffs' proposed deletion may fit within any one of these principles. "Bad faith may be inferred if the proposed amendment contradicts the original pleading, such that the two cannot be reconciled, or if the party seeks leave to amend for an improper purpose." Graff v. Aberdeen Enterprizes II, Inc., 2018 U.S. Dist. LEXIS 160879, at *16 (N.D. Okla. Sep. 20, 2018) (citing cases); see, e.g., ecoNugenics, Inc. v. Bioenergy Life Sci., Inc., 355 F. Supp. 3d 785, 795 (D. Minn. 2019) (where a "new assertion contradicts the admissions . . . made in [the] original complaint, . . . the Court finds this proposed amendment futile and in bad faith"). The deletion also would prejudice Defendant by depriving him of his right to a jury trial. See Diotima Shipping Corp. v. Chase, Leavitt & Co., 102 F.R.D. 532, 534- (D. Me. 1984) (suggesting prejudice from amendment in form of party being deprived of jury trial). In any event, Plaintiffs' proposed deletion would have no impact on whether this case must be submitted to a jury. As made clear by the Supreme Court, "the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings." Dairy Queen, 369 U.S. at 477-78. The Court also notes that, while Granfinanciera provides the standards directly relevant to the motion to amend, in view of these considerations, Plaintiffs' motion likely would fail more generally under Rule 15(a)(2).