UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSELL CARBONE and JOSEPH G. CARBONE,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN S. CARBONE, ESQ.,<br><br>Defendant. | Civil Action No. 2:20-cv-307 (ES)(CLW)<br><br><u>OPINION</u> |

I. <u>Introduction</u>

This matter is before the Court on the January 20, 2023 motion of defendant John Carbone ("Defendant") (ECF No. 54) and February 3, 2023 cross-motion of plaintiffs Russell Carbone and Joseph G. Carbone ("Plaintiffs") (ECF No. 55). The motions are fully briefed and have been referred to the undersigned by the Honorable Esther Salas. The Court has carefully considered the parties' submissions and decides the matter without oral argument per FED. R. CIV. P. 78(b) and Local Civil Rule 78.1. For the reasons stated below, both motions are granted in part and denied in part.

II. <u>Background</u>

As summarized in the Court's March 2021 Opinion,

> Plaintiffs and Defendant are brothers, and sons of Eleanor Carbone ("Eleanor"). Plaintiffs' action concerns a parcel of real property containing the family home (the "Premises") the deed to which, Plaintiffs allege, "according to the instructions of Eleanor . . . was to be held in trust of all three sons." Plaintiffs claim that in or around March 2010, Defendant orchestrated a scheme resulting in Defendant obtaining sole ownership of the Premises. They further allege that in or around February 2019, Defendant obtained $295,000 from an unauthorized transfer of the deed to the Premises to 32 Ryeside Ave LLC ("Ryeside"). . . . Plaintiffs' requested relief appears to include nullification of one or both of the deed transfers and recovery of the sum obtained by Defendant by way of his transfer to Ryeside. Plaintiffs' stated causes of action are: (i) breach

>of trust and fiduciary duty; (ii) undue influence; (iii) accounting; (iv) breach of implied covenant of good faith and fair dealing; (v) waste; (vi) fraud; (vii) conversion; (viii) unjust enrichment; and (ix) constructive trust.

ECF No. 49 at 1-2 (cleaned up).

Defendant now seeks to compel from Plaintiffs (1) a continued deposition of plaintiff Russell Carbone ("Russell") with a directive for Russell to answer questions regarding his prior criminal conviction; (2) unaltered copies of audio/video recordings of Eleanor Carbone's ("Eleanor") depositions; and (3) Eleanor's medical records which Plaintiffs purportedly relied upon in a motion to quash.[1] Plaintiffs seek (1) "a pre-trial accounting of all monies [Defendant] has expended since he surreptitiously sold and absconded with the funds from the unauthorized sale of the family property"; (2) an accounting of legal fees paid to Defendants' attorneys and appointment of a Special Master/Certified Public Accountant to oversee such matters; and (3) copies of Plaintiffs' deposition transcripts.

### III.    Legal Standards

Federal Rule of Civil Procedure 26(b)(1) permits a party to

>obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). "[C]ourts have construed [Rule 26] liberally, creating a broad range for discovery which would encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Stepanski v. Sun*

---

[1] Defendant's motion also requests production of a Certificate of Relief from Civil Disabilities obtained by Russell. As Plaintiffs' opposition includes a copy of this document, this request is denied as moot. Defendant's related request for sanctions is denied.

*Microsystems, Inc.*, 2011 U.S. Dist. LEXIS 156127, at *63 (D.N.J. Dec. 9, 2011) (quoting *Jones v. Derosa*, 238 F.R.D. 157, 163 (D.N.J. 2006) and citing cases), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 128328 (D.N.J. Sept. 10, 2012). However, while "the scope of discovery is broad, it is not unlimited. Discovery is not permitted where the discovery sought is irrelevant to the claims at issue, where the requests were tendered in bad faith, or where the requests are unduly burdensome." *Gutierrez v. Johnson & Johnson, Inc.*, 2002 U.S. Dist. LEXIS 15418, at * 10 (D.N.J. Aug. 13, 2002) (citing *Young v. Lukens Steel Co.*, 1994 U.S. Dist. LEXIS 1462 (E.D. Pa. 1994)). "It is well-established that the party opposing discovery has the burden to raise an objection, then the party seeking discovery must demonstrate the relevancy of the requested information. . . . Once this showing is made, the burden switches again to the party opposing discovery to show why discovery should not be permitted." *Cordero v. Warren*, 2016 U.S. Dist. LEXIS 183793, at *2 (D.N.J. Oct. 4, 2016), *aff'd*, 2017 U.S. Dist. LEXIS 83332 (D.N.J. May 31, 2017) (quoting *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 101 (E.D. Pa. 2010)).

Concerning Plaintiffs' request for an accounting, a "party seeking to obtain an accounting must establish: (1) a fiduciary or trust relationship; (2) the complicated nature of the character of the account; and (3) the need of discovery." *Delzotti v. Morris*, 2015 U.S. Dist. LEXIS 120286, at *27 (D.N.J. Sep. 9, 2015) (quoting *In re U.S. Mortg. Corp.*, 492 B.R. 784, 813 (D.N.J. 2013)).

**IV.   Analysis**

    a.  **Defendant's Motion**

In support of his motion, Defendant submits portions of Russell's deposition transcript demonstrating Russell's refusal to answer questions regarding his criminal conviction. *See* ECF

No. 54-1, Ex. A. Russell refused to answer based on Federal Rule of Evidence 609, his receipt of a Certificate of Relief from Civil Disabilities and claims of relevance. *See id.*

None of these are proper grounds for Russell's refusal to answer. Rule 609 (like Rule 403, also raised on the present motion) is a rule of *evidence* and therefore governs whether deposition testimony may be entered at trial; these rules have no bearing upon the propriety of these questions — or a witness's obligation to answer them — at a deposition. *See* FED. R. CIV. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."); *e.g.*, *Torchin v. Christopher*, 2014 U.S. Dist. LEXIS 60380, at *7 (D.V.I. May 1, 2014) ("Under Federal Rule of Evidence 609, defendant may inquire during deposition regarding the criminal conviction, and the question of ultimate admissibility will be decided at a later stage."); *Dubose v. Sullivan & McCollister's Transp. Sys.*, 2009 U.S. Dist. LEXIS 75055, at *3 (S.D. Ill. Aug. 20, 2009) ("At the discovery stage, it is clear that any nonprivileged information relevant to a party's claims or defense may be obtained. . . . Defendants are entitled to question plaintiff about his adult convictions to determine whether they are admissible."). Next, while Russell's Certificate of Relief relieves him from certain "forfeitures, disabilities, or bars to employment" imposed by way of his conviction, it has no bearing upon matters such as deposition questioning. *See* ECF No. 55, Ex. D. Finally, it is settled that "[a] relevance objection is not itself proper grounds for instructing a witness not to answer questions in a deposition." *Armstrong ex rel. United States v. Subacute*, 2020 U.S. Dist. LEXIS 1569, at *5-6 (D.N.J. Jan. 6, 2020).

To the contrary, under the federal rules governing depositions, "[a] person may instruct a deponent not to answer[2] ***only*** when necessary to preserve a privilege, to enforce a limitation

---

[2] As Russell is appearing *pro se* in this matter, here this rule governs Russell's own refusal to answer.

4

ordered by the court, or to present a motion under Rule 30(d)(3)." FED. R. CIV. P. 30(c)(2) (emphasis added). Russell has presented no claim of privilege, the Court has not limited Defendant's questioning, and no Rule 30(d)(3) motion has been presented (including in Plaintiffs' current moving papers).[3]

For these reasons, the Court grants the portion of Defendant's motion seeking to compel Russell to attend a continued deposition for the limited purpose of answering questions regarding his criminal conviction and matters related thereto.[4] The continued deposition shall be limited to one and one-half hours. Russell may not refuse to answer except on grounds enumerated in Rule 30(c)(2).

Defendant next requests from Plaintiffs copies of audio and/or video recordings of Eleanor's depositions. Plaintiffs state in their brief that no *video* recording exists. The Court will not belabor the existence *vel non* of a recording: to the extent Plaintiffs are aware of any audio or video recording of Eleanor's depositions, they shall produce these materials to Defendant. Plaintiffs shall also certify under penalty of perjury that all such recordings have been furnished to Defendant.

Finally, Defendant requests copies of 850 pages of medical records purportedly relied upon by Plaintiffs in moving to quash a deposition subpoena served upon Eleanor in November 2020. *See* ECF No. 42-2, Ex. E. Defendant now represents that he has no intention of recalling Eleanor for a continued deposition. *See* ECF No. 54-1 at ¶16 n.1. The Court therefore finds no good reason to compel production of a non-party's medical records. If Defendant can

---

[3] FED. R. CIV. P. 30(d)(3) permits a motion to terminate or limit a deposition "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." To the extent Plaintiffs' present application can be construed as Rule 30(d)(3) motion, that motion is denied.

[4] The court will exercise its discretion to deny Defendant's request for attendant costs.

5

demonstrate that these materials are relevant to the parties' claims or defenses and otherwise discoverable under Rule 26, the Court will consider ordering production. At this juncture, this request is denied without prejudice.

### b. **Plaintiffs' Cross-Motion**

Plaintiffs seek an accounting of "all monies [Defendant] has expended" since the alleged sale of the subject property. For several reasons, the Court will deny this request. Initially, "[t]he purpose of an equitable accounting is to require a fiduciary to show what he did with the principal's property." *Soley v. Wasserman*, 823 F. Supp. 2d 221, 237 (S.D.N.Y. 2011) (citing *Kramer v. Lockwood Pension Services, Inc.*, 653 F. Supp. 2d 354, 396 (S.D.N.Y. 2009)). An accounting of "all monies" expended by Defendant is far beyond this scope.

Even if the Court were to properly restrict the scope of the accounting, Plaintiffs' request would still fall far short. First, it has long been held that "[t]he necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is . . . the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478, 82 S. Ct. 894, 900 (1962) (citing cases). Plaintiffs have made no such showing, and the facts of the case — underscored by Plaintiffs pleading several claims for monetary relief in their amended complaint — belie the notion that monetary damages cannot rectify their claimed damages.

Plaintiffs likewise have not established any of the aforementioned elements necessary to warrant an accounting. *See Delzotti*, *supra*. "Under New Jersey law, a fiduciary relationship exists where one party is 'under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.'" *Pine Belt Enters. v. SC&E Admin. Servs.*, 2005 U.S. Dist. LEXIS 23567, at *9 (D.N.J. Oct. 5, 2005) (quoting *In re Cendant Corp. Sec. Litig.*, 139 F. Supp. 2d 585, 609 (D.N.J. 2001)). Plaintiffs have not established the existence of such a

relationship as between themselves and Defendant. Nor have they demonstrated "that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." *Dairy Queen*, 369 U.S. at 478 (quoting *Kirby v. Lake S. & M. S. R.R.*, 120 U.S. 130, 134, 7 S. Ct. 430, 432 (1887)). Plaintiffs likewise have not shown why the information sought through an accounting cannot be obtained through typical discovery mechanisms. *See, e.g.*, *Transmodal Corp. v. EMH Assocs., Inc.*, 2010 U.S. Dist. LEXIS 104991, at *18 (D.N.J. Oct. 1, 2010) (dismissing accounting claim in part because "[t]he parties have conducted discovery in this matter"); *cf. Inst. of Mgmt. & Admin. v. Broadband Intelligence*, 2006 U.S. Dist. LEXIS 116641, at *7 (D. Md. Aug. 9, 2006) ("discovery, in conjunction with a breach of contract claim,[5] is co-extensive with a request for an accounting. During discovery, Defendants can file a motion to compel, if necessary, in order to procure the information they seek.").

Finally, Plaintiffs' amended complaint seeks an accounting. *See* ECF No. 7, Count Three. To grant the instant request would therefore amount to awarding judgment in Plaintiffs' favor while the case is ongoing. The Court will not do so. *See, e.g.*, *Lama v. 3681 Broadway Hdfc*, 2021 NY Slip Op 50742(U), ¶ 5, 72 Misc. 3d 1214(A), 150 N.Y.S.3d 569 (Sup. Ct. 2021) ("Defendants now request that plaintiffs provide a full accounting during discovery. This would effectively grant defendants judgment on their accounting counterclaim before they have established their entitlement to that relief. Defendants' motion . . . is denied.").[6]

---

[5] The Court notes Plaintiffs do not bring a breach of contract claim here.

[6] Additionally, courts have "acknowledg[ed] the general rule that an accounting 'should be had as a matter of right before entry of the interlocutory or final judgment and before any division of money between the parties'". *Chasewood v. Kay*, 2020 U.S. Dist. LEXIS 1567, at *11 (E.D.N.Y. Jan. 6, 2020) (quoting *McCormick v. Pickert*, 51 A.D.3d 1109, 1110-11, 856 N.Y.S.2d 306 (3d Dep't 2008)). As no such judgment has been issued or is imminent, there is no need for an accounting at this time.

The Court will also deny Plaintiffs' request for an accounting of fees paid by Defendants to their attorneys. Plaintiffs provide no case law supporting their demand for this irrelevant and plainly privileged information, nor is the Court aware of any. This and Plaintiffs' related request for appointment of a Special Master are denied. Last, the Court will grant Plaintiffs' request to direct Defendant to provide copies of Plaintiffs' deposition transcripts.

## V.     Conclusion

For the reasons stated herein, Defendant's motion (ECF No. 54) and Plaintiffs' cross-motion (ECF No. 55) are both granted in part and denied in part. An appropriate Order follows.

Dated: May 15, 2023

<i>/s/ Cathy L. Waldor</i><br>
Cathy L. Waldor, U.S.M.J.